UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW YORK, *et al.*,<br><br>Defendants. | No. 26-cv-1360 (MAD) (ML)<br><br>**PROPOSED CIVIL CASE MANAGEMENT ORDER** |

**IT IS HEREBY ORDERED** that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable Miroslav Lovric, United States Magistrate Judge, on **September 16, 2026, at 11AM**. The Courtroom Deputy for Judge Lovric will provide counsel for the parties, and any unrepresented parties, with instructions on how to dial into his audio conference line for the R 16 Conference.

Counsel for all parties or individuals appearing *pro se* in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21)** days before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following (insert a separate subparagraph as necessary if parties disagree):

1. **JOINDER OF PARTIES**: Neither party intends to join any parties to this action.

2. **AMENDMENT OF PLEADINGS**: Any application to amend the pleadings to this action shall be made on or before October 1, 2026.

3. **DISCOVERY**: The parties do not agree on a discovery schedule. *See* Resp. 16. Plaintiff does not believe discovery is necessary and this matter can be resolved by dispositive motions. Defendants propose that all discovery shall be completed on or before February 26, 2027.

4. **NON-DISPOSITIVE MOTIONS**:

   Plaintiff is not in a position to provide a precise deadline as non-dispositive motions would relate to whether discovery is allowed, the timelines for any discovery, and the content of any discovery requests and their compliance with the Federal Rules of Civil Procedure. Plaintiff anticipates it would file such motions during the response time for the challenged discovery requests.

   Defendants propose that non-dispositive motions be due February 12, 2027. *See* Resp. 16.

5. **DISPOSITIVE MOTIONS**:

   Plaintiff believes this action can be resolved by dispositive motions and intends to file such a motion no later than October 30, 2026.

   Defendants propose that all dispositive motions shall be filed by April 12, 2027. *See* Resp. 16(c).

6. **EXPERT WITNESS DISCLOSURE**: Neither party intends to disclose experts.

7. **MANDATORY MEDIATION**: N/A.

8. **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**:

   The parties agree that setting a trial date would be premature at this juncture, as both sides intend to file dispositive motions, although they disagree as to when those dispositive motions should be filed. *See* Resp. 16.

9. **Have the parties filed a Jury Demand?** ☐ (YES) ☒ (NO)

10. **What is the basis of the Court's subject matter jurisdiction? If it is diversity jurisdiction under 28 USC § 1332(a), does the complaint allege the citizenship of each party, including the citizenship of all members of any LLC or partnership? See 250 Lake Avenue Associates, LLC v. Erie Insurance Co., 281 F. Supp 3d 335, 341 (W.D.N.Y. 2017) ("[A]n LLC has the citizenship of each of its members for diversity jurisdiction purposes.")**

    28 U.S.C. § 1345 (United States as Plaintiff)

11. **Are the parties subject to the Court's jurisdiction? Have all parties been served?**

    All parties were served in WDNY; this matter was transferred from WDNY to NDNY. Michael Russo was dismissed as a Defendant by WDNY before transfer to this district. All remaining parties are subject to the Court's jurisdiction. *See* Resp. 10.

12. **What are the factual and legal bases for Plaintiff's claims and Defendant's defenses (including counterclaims and crossclaims, if applicable)?**

    Plaintiff maintains that its claims raise only questions of law. Plaintiff challenges N.Y. state laws under the U.S. Constitution's Supremacy and Contract Clauses as well as intergovernmental immunity and preemption doctrines. Specifically, N.Y.C.R. §§ 101–02 purport to ban federal agents from wearing facial coverings and to require them to display visible identification while performing their federal duties in New York. Sections 101–02 therefore purport to directly regulate the Federal Government in violation of the intergovernmental immunity doctrine. New York Executive Law § 170-k purports to

terminate and ban existing 287(g) agreements. It therefore purports to directly regulate the Federal Government in violation of the intergovernmental immunity doctrine, unlawfully discriminate against the Federal Government by singling the Federal Government out expressly and impliedly for termination of 287(g) agreements when other law enforcement agencies who enter into agreements with New York are not so treated, substantially impairs existing and future 287(g) agreements in violation of the Contracts Clause, and unlawfully obstructs the accomplishment of federal objectives.

Defendants' defenses are that the challenged state laws (N.Y. Civil Rights Law §§ 100-102 and N.Y. Executive Law § 170-k), which prohibit law enforcement officers operating in the State from concealing their identities through face coverings when interacting with the public and generally require such officers to identify their employing agency, and prohibit local authorities in the State from entering into agreements ("287(g) agreements") to assist the federal government with enforcing the federal civil immigration laws, do not violate intergovernmental immunity, do not conflict with federal law or policy, and do not violate the Contracts Clause. Defendants may also assert other defenses based on lack of injury or mootness as may be warranted as supported by facts adduced in discovery.

13. **What factual and legal issues are genuinely in dispute?**

Plaintiff believes there are no factual issues, and that this case raises only a question of law, namely, whether New York state laws violate the Supremacy Clause (intergovernmental immunity and preemption) and the Contract Clause.

Defendants assert they are entitled to test the factual allegations included in the complaint and Plaintiff's supporting declarations concerning the impact of the challenged laws on Plaintiff, Plaintiff's uniform, attire, and/or identification policies, the harms arising from the challenged laws (N.Y. Civil Rights Law §§ 100-102, N.Y. Executive Law § 170-k), and the contents and operation of 287(g) agreements in the State. Plaintiff's assertions are not assumed to be true at the summary judgment stage, and Plaintiff is required to demonstrate that there exists a live controversy with respect to all aspects of the relief they seek. Plaintiff's request for an injunction necessarily involves the consideration of competing equitable factors, which would benefit from factual development. *See Weinberger v. Romero-Barcelo,* 456 U.S. 305, 311-312 (1982).

14. **Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?**

Plaintiff believes this matter raises only questions of law, which can be resolved by cross-dispositive motions. There are no material facts in dispute. Plaintiff alleges New York state law is unconstitutional because the laws attempt to regulate, direct, or control federal government officers, functions, and agreements. These legal questions can be resolved by judicial decision.

Defendants believe that dispositive motions may be appropriate for resolving the case, but that some discovery is warranted prior to the submission of summary judgment motions.

15. **What specific relief do the parties seek? What are the damages sought?**

Plaintiff seeks a permanent injunction of the challenged New York laws, costs, attorney fees but not damages.

Defendants seek dismissal of the complaint, costs and attorney's fees.

16. **DISCOVERY PLAN**

**A. Mandatory Disclosures**

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

**B. Subjects of Disclosure**

The parties jointly agree that discovery will be needed to address the following subjects:

Plaintiff and Defendants disagree on the need for discovery.

Plaintiff believes discovery is not required because the relevant material facts are not in dispute and therefore this matter can be resolved through immediate dispositive motions.

Defendants submit that some discovery is needed so they can test Plaintiff's factual assertions. It may be that no facts are in dispute after discovery, but Defendants are entitled to discovery before they can determine whether that is the case.

**C. Discovery Sequence**

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

i. Plaintiff seeks no discovery because this action presents a matter of law and material facts are not in dispute. If the court concludes discovery is necessary, Plaintiff requests a limited discovery period concluding this calendar year. Any longer period would be unreasonable and not designed to "test Plaintiff's factual assertions."

ii. Defendants seek some discovery targeted to testing Plaintiff's factual allegations and assertions contained in supporting declarations. Defendants propose:
    1. Initial discovery requests served by September 30, 2026;

2. All fact discovery to conclude by February 26, 2027.

**D. Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, that areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

i. Plaintiff believes no written discovery is necessary because this matter presents questions of law and material facts are not in dispute. To the extent Defendants may desire documents, all Memoranda of Agreement for the existing 287(g) agreements impacted by New York's ban were provided in Dkt. 4-7 through 4-20.

ii. Defendants propose serving written discovery (including Requests for Production and Interrogatories under Rules 34 and 33) to test Plaintiff's factual assertions about Plaintiff's policies, the contents of the 287(g) agreements that are the subject of Plaintiff's claims, and Plaintiff's claimed harms, among other things. Defendants do not intend to exceed the number of interrogatories permitted under the Federal Rules.

**E. Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

i. Plaintiff believes depositions are not necessary because this matter presents questions of law and material facts are not in dispute. Moreover, Agency Declarations were provided in Dkt. 4-3 through 4-6.

ii. Defendants are entitled to depositions to test Plaintiff's allegations and any assertions contained in declarations Plaintiff seeks to submit at summary judgment. *See, e.g.*, *Hellstrom v. U.S. Dep't of Veterans Affairs,* 201 F.3d 94, 97 (2d Cir. 2000) (vacating summary judgment where party was forced to rely on "information compiled exclusively by" federal government and was precluded from conducting discovery, including depositions). Defendants anticipate that up to 8 depositions of Plaintiff representatives (including through Rule 30(b)(6) depositions) may be necessary and it is anticipated that depositions will take place virtually. No non-party depositions are anticipated.

**F. Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange

of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

Neither party intends to offer expert testimony.

**G. <u>Electronic Discovery</u>**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

i. Plaintiff believes electronic discovery is not necessary. *See* supra resp. 16(A-F).

ii. Defendants believe that electronic discovery may not be necessary to the extent that the documents they seek are maintained by Plaintiff in a manner that does not require searching of ESI.

**H. <u>Protective Orders</u>**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

If discovery is ordered, Plaintiff may seek a Protective Order to protect law enforcement personnel, law enforcement information, privileged information, and also reserves the right to seek protection from discovery that would be burdensome or otherwise improper.

**I. <u>Anticipated Issues Requiring Court Intervention</u>**

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention

Plaintiff anticipates that court intervention might be necessary to address the scope of any discovery allowed, and to issue a protective order either prohibiting or narrowing discovery.

17. **Is it possible to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means or presenting evidence? Is it feasible and desirable to bifurcate issues for trial?**

    The parties are in agreement that the case will likely not require a trial and may be resolved through dispositive motions.

18. **Are there any related cases pending before the Judges of this Court?**

    Judge D'Agostino currently oversees two related cases, *State of New York v. U.S. Department of Justice*, 1:26-cv-01281 (N.D.N.Y.), and *Bourgault et al. v. Hochul et al.*, 1:26-cv-1637 (N.D.N.Y.).

    Previously, Judge D'Agostino heard *United States v. New York*, 1:25-cv-00744 (N.D.N.Y), and Judge Nardacci heard *United States v. New York*, 1:25-cv-00205 (N.D.N.Y), both of which were resolved in the State's favor and are on appeal before the Second Circuit.

19. **In Class Actions, when and how will the class be certified?** N/A

20. **What are the prospects for settlement? Please check below the prospect for settlement:**

    1 ☒ 2 ☐ 3 ☐ 4 ☐ 5 ☐ 6 ☐ 7 ☐ 8 ☐ 9 ☐ 10 ☐

    (Very unlikely → → → → → Likely)

    a. Settlement cannot be evaluated prior to **N/A** (Date).
    b. How can settlement efforts be assisted?

       The parties do not believe settlement is possible as Plaintiff seeks a permanent injunction and no monetary damages.

Pursuant to Fed. R. Civ. P. 25(f), a meeting was held on Aug 26, 2026 and was attended by:

Brandon Neuman & Luke Miller for Plaintiff

Linda Fang for Defendants

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).