**United States Department of Justice**
Enforcement & Affirmative Litigation Branch

**Brandon.Neuman@usdoj.gov**
Phone: 202-227-7416
Fax: 202-514-8742

**Overnight Delivery Address**
450 Fifth Street, NW, Sixth Floor South
Washington, D.C. 20530

**First Class Mail**
P.O. Box 386
Washington, D.C. 20044

September 25, 2026

**VIA CM/ECF**

Hon. Mae A. D'Agostino
United States District Judge
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207

Re: Pre-Motion Letter for Motion under Fed. R. Civ. P. 12(c) & Indiv. R. 2.A.
*United States v. New York*, No. 1:26-cv-01360-MAD-ML (N.D.N.Y.)

Honorable Judge D'Agostino:

The United States writes to advise the Court of its intent to file a motion for partial judgment on the pleadings under Federal Rule of Civil Procedure ("F.R.C.P.") 12(c). The motion will address Count I of the Complaint, which raises a facial challenge to the mask and identification requirements contained in N.Y. Civil Rights Law ("N.Y.C.R.") §§ 100–102 under the intergovernmental immunity doctrine grounded in the Supremacy Clause.

## I. F.R.C.P. 12(c) Motion Directed to Count I

The United States will seek judgment on the pleadings because the legal questions raised in Count I can be resolved as matters of law. Under F.R.C.P. 12(c), judgment is appropriate when the pleadings show that the moving party is entitled to judgment as a matter of law, applying the same standard governing F.R.C.P. 12(b)(6) motions and

accepting well-pleaded factual allegations as true. Count I concerns only whether New York's mask and identification requirements regulate federal operations and federal personnel in violation of the intergovernmental immunity doctrine. This is a purely legal question suitable for F.R.C.P. 12(c) resolution, requiring no further factual development. Courts routinely grant F.R.C.P. 12(c) motions when the outcome depends solely on statutory interpretation and constitutional limits on state authority.

**II. Prior Preliminary Injunction Supports F.R.C.P. 12(c) Relief**

This Court has already issued a preliminary injunction against enforcement of the same challenged provisions of the N.Y.C.R., concluding that the United States was likely to succeed on its Supremacy Clause claims and that federal interests would be irreparably harmed without injunctive relief. The United States will argue that the reasoning supporting the preliminary injunction fully aligns with entry of judgment on the pleadings. The pleadings confirm the same legal conflict between federal authority and state-imposed mask and identification mandates. No additional factual clarification is needed, and the Court's prior ruling underscores that the controlling issues were purely legal and resolved in the United States' favor.

**III. Permanent Injunction Requested as Part of F.R.C.P. 12(c) Judgment**

Because the United States seeks a permanent injunction, it will request that the Court convert the preliminary injunction into a permanent injunction upon granting judgment on the pleadings. Under *eBay Inc. v. MercExchange*, 547 U.S. 388 (2006), permanent injunctions require showing irreparable harm, inadequate legal remedies, a balance of hardships favoring the movant, and consistency with the public interest. Here,

each factor supports permanent relief. First, there is **irreparable harm** because enforcement of N.Y.C.R. §§ 100–102 would directly impair federal sovereignty by direct regulation of federal law enforcement—harm not compensable through monetary relief. Second, there are **inadequate remedies at law**, because only injunctive relief can prevent direct regulation of federal law enforcement officers by the state through the challenged statutes. Third, the **balance of hardships** demonstrate that the burden on New York in refraining from enforcing these provisions is minimal compared to the significant harm to federal sovereignty caused by direct regulation from the state. Finally, the **public interest** strongly favors adherence to the constitutional principle of federal supremacy and preventing unlawful state interference with federal activities.

**IV. Conclusion**

The United States intends to file the partial F.R.C.P. 12(c) motion for judgment on the pleadings as to Count 1 on or before October 5, 2026, but will follow any scheduling direction from the Court.

Respectfully Submitted,

Brandon D. Neuman (CA Bar No. 319067)
Trial Attorney
Enforcement & Affirmative Litigation Branch
United States Department of Justice

cc: Linda Fang, Morenike Fajana (via EFC)
New York Attorney General Albany Office