**Office of the New York State Attorney General**

**Letitia James**
**Attorney General**

September 30, 2026

**By ECF**
Honorable Mae A. D'Agostino
United States District Court
445 Broadway
Albany, New York 12207

Re: *United States v. State of New York et al.*, No. 26-cv-1360 (MAD) (ML)

Judge D'Agostino:

This office represents defendants the State of New York, Attorney General Letitia James and Governor Kathy Hochul, both sued in their official capacities in this action. I write in response to plaintiff's September 25, 2026 letter concerning its anticipated Fed. R. Civ. P. 12(c) motion for a partial judgment on the pleadings (limited to Count I of the complaint). For the reasons set forth below, defendants respectfully request that the Court defer the dispositive motion briefing proposed by plaintiff until the conclusion of discovery.

**Factual Background and Procedural History**

On June 22, 2026, plaintiff commenced the instant action seeking to enjoin New York Civil Rights Law §§ 100-102, which prohibit law enforcement officers operating in the State from concealing their identities through face coverings when interacting with the public and generally require such officers to identify their employing agencies ("the Face Coverings and Identification Provisions"). This action also challenges provisions of New York Executive Law § 170-k, which prohibit local authorities from entering into agreements to assist the federal government with enforcing the civil immigration laws ("the 287(g) Provisions"). *See* Compl. (ECF No. 1).

On August 3, 2026, this Court granted plaintiff's motion for preliminary relief in part and denied it in part, issuing a preliminary injunction enjoining enforcement of the Face Coverings and Identification Provisions, and denying plaintiff's request for preliminary relief as against the 287(g) Provisions. ECF No. 53. Defendants answered the complaint, and on September 16, 2026, following a Rule 16 conference, Magistrate Judge Lovric, over plaintiff's objection about the need and propriety of discovery (ECF No. 59 at 1 ¶ 3), entered a case management schedule permitting discovery prior to dispositive motion briefing. *See* ECF No. 62 at 1-3 ¶¶ 7-8. Pursuant to that schedule, defendants served initial requests for production seeking discovery on plaintiff's relevant uniform, face coverings, and identification policies and plaintiff's assertions of harm.

**The Proposed Rule 12(c) Motion is Premature**

In its latest attempt to avoid discovery, plaintiff mistakenly asserts that a Rule 12(c) motion can be resolved without discovery in this case because plaintiff's entitlement to relief "requir[es] no further factual development" and its "well-pleaded factual allegations" must be accepted as true (ECF No. 63 at 1-2). Although courts apply the same standard as they would to a Rule 12(b) motion when *a defendant* seeks dismissal through Rule 12(c), where, as here, "a plaintiff is the movant," a court must instead credit a defendant's denials "*in the answer* and draw all reasonable inferences in favor of *the defendants*, who are the non-movants in that scenario." *See Gabilly v. City of N.Y.*, 2021 WL 3667981, at *2-3 (S.D.N.Y. Aug. 17, 2021) (quoting *Lively v. WAFRA Investment Advisory Grp., Inc.*, 6 F.4th 293, 305 (2d Cir. 2021)) (emphasis in original). Unless "all material allegations of fact are admitted or not controverted in the pleadings," which is not the case here, a Rule 12(c) motion brought by a plaintiff pre-discovery should be denied. *Lively*, 6 F.4th at 301-02.

Plaintiff's primary contention in this action is that the Face Coverings and Identification Provisions constrain federal law enforcement officers' discretion to decide whether to conceal their

identities or identify themselves as federal agents. *See* Compl. ¶¶ 101-102. Plaintiff has also alleged various injuries (beyond sovereign injury) from the constraints on the officers' supposed discretion. *See* Compl. ¶¶ 92-93. Absent discovery, defendants have no information about what plaintiff's policies on face coverings and identification are, what discretion is afforded to federal officers (if any), and whether the challenged laws in fact constrain federal officers as plaintiff alleges.[1] *See, e.g.,* Answer (ECF No. 58) ¶¶ 92-93, 101-102 (denying allegations or knowledge). It may be, as plaintiff posits, that there will be no disputed material facts, but defendants simply have no way to know whether this is the case at this juncture. Further, even if declaratory relief is warranted as a purely legal matter based on the Court's finding of an intergovernmental immunity violation, it does not follow that plaintiff is automatically entitled to a permanent injunction. *See Weinberger v. Romero-Barcelo,* 456 U.S. 305, 311-312 (1982). Rather, as plaintiff's own letter acknowledges (ECF No. 63 at 3), plaintiff's request for an injunction necessarily involves the consideration of competing equitable factors, which should be decided on a full factual record.

In any event, plaintiff is not prejudiced by any delay in the issuing of a permanent injunction where this Court's preliminary injunction concerning the Face Coverings and Identification Provisions is in effect and will remain so "until entry of a final judgment on the merits." *See* ECF No. 53 at 51. And given that discovery and litigation will proceed in this case on plaintiff's challenge to the 287(g) Provisions regardless of whether the parties brief any Rule 12(c) motion for partial judgment now, the interests of judicial economy and conservation of party resources weigh decidedly against the piecemeal litigation urged by plaintiff here.

[1] Indeed, recent news reports suggest that ICE now requires agents to wear attire that readily identifies them as ICE agents or otherwise "clearly display an ICE badge while conducting arrests." *See* Karl Loftus, *ICE Mandates Dress Code After Killings and Botched Arrests*, The Intercept (July 21, 2026), *available at* https://tinyurl.com/yftddvbh. Such reports, if true, may moot plaintiff's request for injunctive relief as against the challenged identification requirements.

Respectfully submitted,

/s/ Linda Fang

LINDA FANG
Special Litigation Counsel
(212) 416-8580
Linda.Fang@ag.ny.gov